**Bette Bonn LEDWITH and Evelyn Parker, Appellants,**

v.

**Paul L. DOUGLAS, Attorney General of Nebraska, Gerald S. Vitamvas, Deputy Attorney General of Nebraska, and Jerold V. Fennell, Assistant Attorney General of Nebraska, Appellees.**

No. 77–1463.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1978.
Decided Jan. 17, 1978.

---

Paul L. Douglas, Atty. Gen., and Terry R. Schaaf, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Bette Bonn Ledwith and Evelyn Parker appeal from the district court [1] order granting summary judgment for appellees on appellants' civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985.

During 1975–76 the Consumer Protection Division of the Nebraska Attorney General's Office began an investigation of two modeling schools operated by appellants. At the conclusion of the investigation, it was recommended that suit be filed under the Nebraska Uniform Deceptive Trade Practices Act, Neb.Rev.Stat. § 87–301 *et seq.* (1976 Reissue), to enjoin allegedly deceptive and unfair trade practices and to obtain restitution for allegedly defrauded students.

A draft complaint was prepared and a copy sent to appellant Ledwith's husband, an attorney who had represented his wife and the modeling school on previous occasions. The Attorney General's Office was thereafter advised by Mr. Ledwith that he did not represent his wife or appellant Parker in this matter, and suggested that all further inquiries be directed to the parties individually. The draft complaint and an accompanying letter were then sent to appellants. Having received no response, the Attorney General's Office filed suit in Nebraska state court against appellants and the modeling school. Mr. Ledwith entered an appearance on behalf of appellants and represented them at a hearing, after which the state judge issued a temporary restraining order against appellants which enjoined them from engaging in certain allegedly deceptive practices.

Thereafter, appellants filed this civil rights action in the United States District

Bette Bonn Ledwith, pro se.

---

1. The Honorable Warren K. Urbom, Chief United States District Judge for the District of Nebraska.

Court. Named as defendants were appellees Paul L. Douglas (Attorney General of Nebraska), Gerald S. Vitamvas (Deputy Attorney General) and Jerold V. Fennell (Assistant Attorney General). The alleged violations of 42 U.S.C. §§ 1983 and 1985 were that appellees uttered libelous statements against appellants by sending a copy of the draft complaint to Mr. Ledwith and by initiating the deceptive practices suit in state court and that appellees denied appellants their sixth amendment right to a speedy trial. Appellants sought monetary damages and also sought preliminary and permanent injunctive relief prohibiting appellees from inspecting and copying certain of appellants' records in conjunction with the state court proceeding.

The district court denied appellants' motion for a temporary restraining order and preliminary injunction on February 24, 1977. Thereafter, appellees moved to dismiss and appellants moved for summary judgment and to consider appellees' motion to dismiss as a motion for summary judgment. On March 31, 1977 the district court dismissed appellants' complaint for failure to state a cause of action. This appeal ensued.

Although denominated as an order granting a motion to dismiss, the district court, at appellants' request, treated appellees' motion to dismiss as a motion for summary judgment. A motion for summary judgment should be granted only where the moving party has established his right to judgment with such clarity as to leave no room for controversy and where the other party is not entitled to judgment under any circumstances. *The Unlaub Co. v. Sexton*, 568 F.2d 72 (8th Cir. 1977). In making this determination, the court must view the facts most favorably to the party opposing the motion and give that party the benefit of reasonable inferences to be drawn from the facts. *Id.* We are satisfied that this stringent test was met in this case.

Appellants' § 1983 claim for damages for libel and denial of a speedy trial are barred by the doctrine of prosecutorial immunity enunciated in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).[2]

Appellants' § 1983 claim for injunctive relief is also without merit. Appellants have consistently claimed that the ongoing state proceeding is criminal or quasi-criminal in nature. If this is so, a federal court is barred from enjoining that proceeding absent unusual circumstances not present here. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). If the state proceeding is not criminal or quasi-criminal, it is nonetheless clear that, absent circumstances not present here, "the principles of *Younger* and *Huffman* are broad enough to apply to interference by a federal court with an ongoing civil enforcement action such as this, brought by the State in its sovereign capacity." *Trainor v. Hernandez*, 431 U.S. 434, 444, 97 S.Ct. 1911, 1923, 52 L.Ed.2d 486 (1977) (footnote omitted).

Finally, appellants' claims based on 42 U.S.C. § 1985 fail to state a cause of action because there is no allegation of any class-based animus. *See, e. g., Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Massey v. Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977).

The district court order granting summary judgment for appellees is affirmed.

---

**2.** Appellants' claim for damages based on the alleged libel is also subject to dismissal for failure to state a cause of action under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).