IMPERIAL STAMP & ENGRAVING CO., INC., Plaintiff-Counterdefendant-Appellant, *v.* HOWARD BAILEY, d/b/a Fast Pak Service, Defendant-Counterplaintiff-Appellee.

Second District   No. 79-422

Opinion filed April 8, 1980.

James R. Hannon, of Ernst, Gallagher & Hannon, of Oak Brook, for appellant.

Egils H. Krolls, of Rolling Meadow, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The single issue presented by this case is whether the language "WE CAN ONLY GUARANTEE PERFORMANCE OF OUR EQUIPMENT. OVERALL PRODUCTION IS NOT GUARANTEED." contained in a purchase order is sufficient under section 2—316 of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 2—316) to disclaim an implied warranty of fitness for a particular purpose.

Plaintiff, Imperial Stamp & Engraving Co., Inc. (Imperial), brought an action to recover the balance due on a contract for the sale of machinery entered into with defendant, Howard Bailey, d/b/a Fast Pak Service (Bailey). Bailey counterclaimed for breach of implied warranty

of fitness under section 2—315 of the Uniform Commercial Code. (Ill. Rev. Stat. 1977, ch. 26, par. 2—315). Following a bench trial, the Circuit Court of Du Page County entered judgment for Bailey on both the complaint and counterclaim. Imperial appeals.

Imperial is a large manufacturer of steel stamps, dies, hydraulic and pneumatic marking machines. Bailey is the sole owner of a business which produces various product containers. One service performed by Bailey is to install markings and labels around the periphery of shampoo bottles by means of a silk screening process. Bailey contacted Imperial after one of his customers insisted that a heat stamping process be substituted for silk screening. Following this inquiry, William Mackey, an Imperial sales representative, and Carl Eks, Imperial's plant manager, visited Bailey's plant. Following this visit, Imperial quoted a price of approximately $15,000 for the necessary machinery. Bailey rejected this offer.

During subsequent discussions, Imperial suggested the possibility of converting Bailey's existing machinery from silk screening to hot stamping. Imperial eventually quoted a conversion unit for $2,500. Bailey accepted this quotation by telephone some weeks later. Imperial drafted a purchase order following the telephone acceptance. This purchase order contained various specifications and also the following language:

"Note #2.  WE CAN ONLY GUARANTEE PERFORMANCE OF OUR EQUIPMENT. OVERALL. PRODUCTION IS NOT GUARANTEED."

There was conflicting testimony concerning the parties' understandings of this term. Mackey testified that Bailey understood that he (Bailey) was agreeing to assume the risk that the conversion process would succeed. Bailey, on the other hand, claims to have been assured by Imperial that the language was of no significance and that the process would work.

Bailey made the first installment payment of $850. The stamping unit was delivered and installed, but has failed to perform by hot stamping even one bottle. When Bailey refused to pay the $1,650 balance due, Imperial filed a complaint for breach of contract. Bailey counterclaimed alleging that the machine failed to perform and that Imperial thus breached the implied warranty of fitness under section 2—315 of the Uniform Commercial Code ("UCC"). The trial court entered judgment for Bailey and this appeal followed.

Under section 2—315, where a seller has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment, there arises an implied warranty that the goods are fit for such a purpose unless the implied warranty is properly excluded or modified. (Ill. Rev. Stat. 1977, ch. 26, par. 2—315.) In this case Imperial was aware at the time of contracting that Bailey

wanted equipment to convert a silk screening machine into one capable of hot stamping designs and also knew that Bailey was relying on Imperial's skill and judgment in designing and manufacturing a conversion unit. Thus both parties agree that their dealings gave rise to an implied warranty of fitness for a particular purpose. The issue, then, becomes whether the language in Note 2 of the purchase order was sufficient to disclaim the warranty.

Section 2—316 of the UCC concerns exclusion or modification of warranties. This section provides in pertinent part:

"* * *

(2) Subject to subsection (3), * * * to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'

(3) Notwithstanding subsection (2)

(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty;

* * *

(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade. * * *" (Ill. Rev. Stat. 1977, ch. 26, par. 2—316.)

It is clear from this section that in order to disclaim the warranty of fitness, the exclusion must be both in writing and conspicuous. The conspicuousness requirement is not controlling here since defendant admits that he read and was aware of the provision. The purpose of the conspicuousness requirement is to "protect the buyer from surprise" and "unexpected and unbargained for language of disclaimers." (Ill. Ann. Stat., ch. 26, par. 2—316, Uniform Commercial Code Comment 1, at 254-55 (Smith-Hurd 1963).) This purpose is accomplished when the buyer is actually aware of the seller's disclaimer. (See Annot., 73 A.L.R.3d 248, 272-73 (1976).) The real question concerning the purported disclaimer is whether the language is sufficient to waive the warranty.

■■ Although the implied warranty of fitness may be excluded by general language like "as is" or "with all faults," Imperial did not include these phrases or any other language suggested by the UCC in its disclaimer. The language or words used in an exclusion or modification of warranty must be sufficiently clear and specific to apprise the buyer of what he is waiving. (*Conyers v. Molloy* (1977), 50 Ill. App. 3d 17, 22, 364 N.E.2d 986,

990; see also *Hauter v. Zogarts* (1975), 14 Cal. 3d 104, 118-19, 534 P.2d 377, 386, 120 Cal. Rptr. 681, 690.) In our view, the language "overall production is not guaranteed" used in this case is unclear and ambiguous. For example, this phrase could be reasonably interpreted to mean the volume or rate of production is not guaranteed. Bailey's son, who works for Fast Pak in the areas of sales and production control, testified that Imperial did in fact express reservations about the speed which could be obtained in production with the hot stamping conversion. However, according to this witness, Imperial never expressed concern that the conversion might not function at all.

The testimony concerning the parties' understandings of the meaning of Note 2 is in conflict. In view of this conflicting testimony, Imperial has chosen to base its case on the language of the purchase order alone. As a general rule, an instrument is to be construed most strongly against its author. (*Cedar Park Cemetery Association, Inc. v. Village of Calumet Park* (1947), 398 Ill. 324, 333, 75 N.E.2d 874, 879.) This is especially true with respect to warranties implied by law which as expressions of public policy should not be considered waived except by clear and specific language. (*Conyers v. Molloy* (1977), 50 Ill. App. 3d 17, 20, 364 N.E.2d 986, 988-89; *Admiral Oasis Hotel Corp. v. Home Gas Industries, Inc.* (1966), 68 Ill. App. 2d 297, 216 N.E.2d 282.) Applying these rules to the instant case, we hold that Imperial's implied warranty of fitness for a particular purpose was not waived by the language in Note 2 and that the failure of the conversion to hot stamping to function represented a breach of this warranty.

Accordingly, the judgment of the Circuit Court of Du Page County is affirmed.

Affirmed.

VAN DEUSEN and NASH, JJ., concur.