**GARDEN STATE FOOD DISTRIBUTORS, INC., Plaintiff,**

v.

**SPERRY RAND CORPORATION, SPERRY UNIVAC DIVISION, a corporation, Defendant.**

**Civ. A. No. 80–3225.**

United States District Court,
D. New Jersey.

April 20, 1981.

Wolf, Baumann & Burstein by Albert Burstein, Jersey City, N. J., for plaintiff.

Clapp & Eisenberg, P.A. by Frederic S. Kessler, Newark, N. J., for defendant.

CLARKSON S. FISHER, Chief Judge.

This case is before me on motion of defendant, Sperry Corporation (Sperry), for partial summary judgment pursuant to Fed.R.Civ.P. 56(c). Defendant requests summary judgment on its second affirmative defense, contending that the damages sought by plaintiff are expressly limited by the agreement between the parties. Plaintiff contends that defendant's breach of express and implied warranties permits it to recover damages in accordance with relevant portions of New Jersey's Uniform Commercial Code, unlimited by the language of the contract.

To earn summary decision, a party must merit judgment as a matter of law upon genuinely indisputable material facts. Fed. R.Civ.P. 56(c). Only a clear showing of authentic non-dispute will satisfy the Rule 56(c) standard which demands the absence of triable fact issues. *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978). The movant bears this burden. *Manetas v. International Petroleum Carriers, Inc.*, 541 F.2d 408, 413 (3d Cir. 1976). The opposing party receives the benefits of all reasonable doubts and inferences drawn from underlying facts. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). A disfavored motion, summary judgment should only issue when the movant demonstrates a clear, uncontestable right to judgment, and the opponent is not entitled to judgment under any circumstances. *Ledwith v. Douglas*, 568 F.2d 117, 119 (8th Cir. 1978). The record must be adequate for determination of the legal questions raised; a deficient factual foundation cannot support summary resolution. 6 MOORE'S FEDERAL PRACTICE § 56.15, at 609 (2d ed. 1980). The slightest doubt as to the facts precludes granting the motion. *Tomalewski v. State Farm Life Insurance Co.*, 494 F.2d 882, 884 (3d Cir. 1974).

For purposes of this motion, the parties do not dispute the facts upon which this case is based. Plaintiff, Garden State Food Distributors, Inc., is engaged in the wholesale distribution and sale of perishable and non-perishable food products in the metropolitan New Jersey and New York area. Defendant Sperry produces and sells computer equipment and services. In June 1978 plaintiff and defendant entered into a lease/purchase agreement for a Sperry Univac BC/7 Computer System, including hardware, software and related services.

In pertinent part, the Agreement for Products and Related Services (Agreement) provides as follows:

6. Limitation of Liability

Except as expressly stated herein, there are no warranties, express or implied, by operation of law or otherwise, of the products or services furnished under this agreement, Sperry Univac disclaims any implied warranty of merchantability or fitness for particular purpose. The customer's sole remedies for liability of any kind with respect to the products furnished under this agreement and all other performance by Sperry Univac under or pursuant to this agreement or with respect to customer's use thereof, including negligence, shall be limited to the remedies provided in the warranty or remedy section in each and all of the schedules incorporated in this agreement and shall in no event include any incidental, indirect, special or consequential damages or loss of use, revenue or profit even if Sperry Univac has been advised of the possibility of such damages.

In no event shall Sperry Univac's liability for damages with respect to any of the products or services furnished under this agreement exceed the charges previously paid by the customer to Sperry Univac for such products or services.

The first page of the Agreement states, in large capital letters:

"Customer acknowledges and understands that the provisions of the general terms and conditions schedule, including but without limitation, Section 6, Limitation of Liability, apply fully to all schedules and attachments thereto incorporated into and made part of this agreement."

Pursuant to the Agreement, plaintiff tendered a downpayment of $3,399, and defendant delivered the computer hardware on October 16, 1978. Plaintiff also made rental and maintenance payments totalling $4,045.06.

Plaintiff argues that a series of letters written by Sperry to plaintiff, containing various express and implied warranties, must be considered as integrated with the June 1978 contract. For the purposes of this motion, defendant admits that the goods were warranted in accordance with the representations contained in the aforementioned letters, and that these warranties were breached.

At issue here is whether, on the facts stipulated to by the parties, defendant can rely upon the "Limitation of Liability" clause set forth in the contract to limit otherwise applicable remedies for breach of warranty. *See* N.J.S.A. 12A:2–714(2). N.J.S.A. 12A:2–719(1) provides that an agreement may limit or alter the measure of damages recoverable under Article 2 of the Code, subject to the provisions of subsections (2) and (3) of this section:

"the agreement may provide for remedies in addition to or in substitution for those provided in this Article and may limit or alter the measure of damages recoverable under this Article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts . . ."

N.J.S.A. 12A:2–719(1)(a). Before a limitation on a party's liability may be enforced, it must be established that the remedy "is expressly agreed to be exclusive." N.J.S.A. 12A:2–719(1)(b). A limited remedy must be viewed against the standard of N.J.S.A. 12A:2–719(2), which provides that, "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this Act." Further, "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." N.J.S.A. 12A:2–719(3).

The limited remedy here was expressly agreed upon by the parties to be exclusive, satisfying the requirement of § 2–719(1)(b). Paragraph 6 provides that the "customer's sole remedies for liability of any kind" are contained within the Agreement, and that "in no event" shall the remedy include incidental, indirect, special or consequential damages, and "in no event" shall liability exceed the charges previously paid by the customer.

Plaintiff argues, however, that the contractual limitation of liability here may not be enforced because the contract fails of its essential purpose. Both parties rely heavily on *Chatlos Systems v. National Cash Register Corp.*, 635 F.2d 1081 (3d Cir. 1980), to analyze the essential purpose of the remedy and whether it has failed of that purpose. In *Chatlos*, the court held that the seller's failure to timely program a computer system caused a contractual remedy to fail of its essential purpose. The system was designed to provide six functions for Chatlos, and NCR expressly warranted that the goods were in good working order and fit for their intended use. NCR represented that the system would be functioning by March 1975. The contract provided for an exclusive repair remedy, and disclaimed liability for any special or consequential damages. Although NCR repeatedly attempted to correct deficiencies in the system, by September 1976 the system was functioning at less than half the desired capacity. The court held that, under these circumstances, the delay made the correction remedy ineffective, and it therefore failed of its essential purpose. Consequently, "the contractual limitation was unenforceable and did not preclude recovery of damages for breach of warranty." *Chatlos Systems v. National Cash Register Corp.*, 635 F.2d at 1086. *See also S. M. Wilson & Co. v. Smith Intern, Inc.*, 587 F.2d 1363, 1375 (9th Cir. 1978).

This case must be distinguished from *Chatlos* on its facts. Unlike the contractual provision in *Chatlos*, the Agreement here provides that if Sperry fails to repair or replace defective parts, plaintiff is entitled to recover the charges previously paid to Sperry. In *Marr Enterprises, Inc. v. Lewis Refrigeration Co.*, 556 F.2d 951, 953 (9th Cir. 1977), the court affirmed the district court's grant of summary judgment dismissing all claims against defendant except for repayment of the purchase price. By the terms of the contract, the liability of the seller was limited to replacement of parts. If the seller did not replace the parts within a reasonable time, the buyer's only remedy was to rescind the contract and receive any portion of the purchase price already paid.

In upholding the enforcement of the contractual limitation of liability, the court stated

Limited remedies under the UCC have been held to fail of their essential purpose when defects in the goods are latent and not discoverable on reasonable inspection. . . .

Another line of cases holds the remedy as inadequate when the seller or other party required to provide the remedy, by inaction or its action, causes the remedy to fail. Typically, cases in this latter category are those in which the plaintiff's remedy was limited solely to repair or replacement of defective parts and the seller failed to replace or repair in a reasonably prompt and non-negligent manner. . . .

In our case, if the seller did not replace the defective parts, the purchaser was entitled to refund of the purchase price. Thus, mere failure to replace or repair would not cause the court to read in the general remedy provisions of the UCC as in the cases cited above.

*Marr Enterprises, Inc. v. Lewis Refrigeration Co.*, 556 F.2d at 955. (citations omitted)

Under the circumstances of this case, I do not feel that the contractual remedy is totally inadequate or fails of its essential purpose. The defects in the goods were not latent; rather, the system never operated to meet plaintiff's needs and expectations. Nor is the remedy limited solely to repair or replacement of the defective parts; plaintiff is entitled to recover charges already tendered to defendant. Therefore, plaintiff's damages for breach of warranty are limited to charges previously paid to Sperry, in accordance with the express contractual terms. *See Marr Enterprises, Inc. v. Lewis Refrigeration Co.*, 556 F.2d at 955; *Harris v. Sperry Rand Corp.*, No. 80–1898 (D.N.J. Jan. 8, 1981) (court granted defendant's motion for summary judgment, enforcing same provision at issue here).

Accordingly, defendant's motion for partial summary judgment in favor of its

second affirmative defense is granted. Defendant will submit an order within ten days.