**COLE ENERGY DEVELOPMENT COM-PANY, a corporation, Plaintiff,**

v.

**INGERSOLL–RAND COMPANY, a corporation, Defendant.**

No. 86–3003.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 9, 1988.

Harold M. Olsen, Nils A. Olsen, Springfield, Ill., for plaintiff.

Patrick V. Reilly, Springfield, Ill., Michael J. Roberts, Grand Rapids, Mich., for defendant.

## OPINION

MILLS, District Judge:

Partial summary judgment allowed.

Here are the facts.

Cole Energy Development Company ("Cole Energy") leased two gas compressor units from Ingersoll–Rand Company ("Ingersoll–Rand") for use in its business of developing gas fields and in the pumping, selling, and distribution of natural gas. A lease agreement for an ESH gas compressor was entered into by the parties on December 5, 1983, and a lease agreement for a KOA gas compressor was entered into by the parties on August 11, 1984. The terms and conditions of both agreements are identical. (Hence, when we refer to the agreement in the singular, it is applicable to both leases.) Ingersoll–Rand's motion for partial summary judgment concerns the enforceability of certain terms of the lease agreement.

Paragraph 18 of the lease agreement states *inter alia:*

The liability of lessor under this agreement shall be limited to the amount of payments made under this agreement. In no event shall any special, indirect, or consequential damages be allowed to lessee because of actions or default by the Lessor through negligence or malfunction of the equipment ...

Paragraph 17 states:

WARRANTIES. Lessor will deliver to lessee the factory warranty for each new unit manufactured by Ingersoll–Rand Company to enable lessee to obtain customary warranty service furnished on such units. Other than delivering said factory warranty, Lessor makes no other representations, promises, statements or warranties, expressed or implied, AND THERE ARE NO IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE CONTAINED HEREIN.

Ingersoll–Rand asks this Court to find as a matter of law that these provisions are enforceable. If the provisions are enforceable, Cole Energy's maximum recovery under the agreement would be limited to the amounts paid under the lease. No consequential damages would be recoverable and the count alleging a breach of the implied warranty would be dismissed. We now address these questions.

### Summary Judgment

Under Rule 56(c), summary judgment should enter "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). Nevertheless, the rule is also well established that the mere existence of *some* factual dispute will not frustrate an otherwise proper summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Thus, the "preliminary question for the judge [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Id.* 106 S.Ct. at 2511, *quoting Improvement Co. v. Munson,* 14 Wall. 442, 448, 20 L.Ed. 867 (1872); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In other words, the Court must consider the evidence "through the prism of the substantive evidentiary burden" in deciding De-

fendants' motion. *Anderson*, 106 S.Ct. at 2513; *Carson v. Allied News Co.*, 529 F.2d 206, 210 (7th Cir.1976). Applying this standard, the Court now turns to the case at bar.[1]

### Law and Analysis
### I. Consequential Damages

#### A.

The parties have virtually left unaddressed the issue of choice of law in this case. Ingersoll–Rand points out that the contract provides that Oklahoma law is to govern. Ingersoll–Rand, however, proceeds to argue the case alternatively under Illinois and Oklahoma law. Cole Energy's argument essentially addresses Illinois law. Although the contract would indicate that Oklahoma law is to govern, the parties can within certain bounds stipulate to the proper rule of decision. *City of Clinton v. Moffitt*, 812 F.2d 341, 342 (7th Cir.1987). The argument made under Illinois law could be taken as an informal stipulation that Illinois substantive law should govern.

In any event, the Uniform Commercial Code provisions at issue in this case are identical in Oklahoma and Illinois. On the particular question raised, neither state supreme court has had occasion to issue a definitive holding. Hence, we are required to predict how the Court would decide if presented with the question. Our prediction in this case is based on cases from other jurisdictions and our own view of what is the most tenable position. We do not believe the choice between Oklahoma and Illinois law affects the bottom line decision in this case. Hence, we accept the arguments made under Illinois law as a stipulation that Illinois law is the rule of decision.

1. Plaintiff strenuously argues that there are issues of fact present which preclude the Court from granting summary judgment. Particularly, Cole Energy points to its allegations that Ingersoll–Rand fraudulently misrepresented that Cole Energy was to receive "new" equipment.

This is a question of fact which is material, but only to the count based on fraud. This is a

#### B.

The major legal issue raised on the partial summary judgment motion is whether the failure of a limited remedy to repair or replace defective parts negates a separate contractual exclusion of consequential damages.

■ Initially, we must determine if the Uniform Commercial Code as adopted in Illinois is applicable to the equipment lease at issue here. Illinois courts have applied the UCC to equipment leases by way of analogy. *Dillman Assoc., Inc. v. Capitol Leasing Co.*, 110 Ill.App.3d 335, 342, 66 Ill.Dec. 39, 44, 442 N.E.2d 311, 316 (4th Dist.1982). The Code will be applied by analogy when the lease involves provisions that implicate relevant sections of the Code and nothing about the transaction would lead the Court to reject an analogy to the Code. *Id.* The contract terms at issue here are commonly found in sales contracts and are commonly interpreted under the Code. We see no reason to reject the analogy and hence we apply the UCC to this lease transaction.

#### C.

■ Here, the express warranty given ("the factory warranty") is limited to repair and replacement of defective parts. The question of whether a limited remedy of repair and replacement fails its essential purpose is a question of fact which is inappropriate for determination on summary judgment.

However, for purposes of deciding this motion, we will assume that the remedy did fail. Then, the question becomes whether the consequential damages exclusion and the limitation of damages to the payments made under the lease stand independent of the failure of the limited remedy.

Ill.Rev.Stat. ch. 26, ¶ 2–719 provides:

motion for *partial* summary judgment which raises preliminary questions of law involving an interpretation of the relevant UCC provisions at issue here. It also raises questions of conscionability and conspicuousness of warranties which are preliminary questions for the Court.

If a jury eventually makes a finding of fraud, such verdict would of course vitiate the *findings* made in this opinion.

(1) Subject to the provisions of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages, (a) the agreement may provide for remedies in addition to or in substitution for those provided in this Article and may limit or alter the measure of damages recoverable under this Article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts; and (b) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this act.

(3) Consequential damages may be limited or excluded unless limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not. Ill.Rev.Stat. ch. 26, ¶ 2–719 (1985).

As the Code language explains, once a limited remedy fails of its essential purpose a buyer may resort to any other remedy in the Code. Ill.Rev.Stat. ch. 26, ¶ 2–719(2) (1985). This includes the availability of consequential damages. However, the Code also provides that consequential damages can be excluded as long as the exclusion is not unconscionable.

Some courts have read these two Code provisions as being dependent upon one another. In other words, once the limited remedy falls, the exclusion of consequential damages necessarily falls right along with it. *R.W. Murray Co. v. Shatterproof Glass Corp.*, 758 F.2d 266 (8th Cir.1985); *Soo Line Railroad Co. v. Fruehauf Corp.*, 547 F.2d 1365 (8th Cir.1977); *Caterpillar Tractor Co. v. Waterson*, 13 Ark.App. 77, 679 S.W.2d 814 (1984); *Clark v. International Harvester Co.*, 99 Idaho 326, 581 P.2d 784 (1978). These courts adopt the position that once a seller fails to make good on his warranty obligations, he should no longer be able to seek refuge behind the favorable provisions of the contract which exclude the other remedies available under the Code. *Clark*, 581 P.2d at 800. This, it is argued, would leave the buyer without a minimum adequate remedy which is the "essence of a sales contract." Ill.Rev.Stat. ch. 26, ¶ 2–719 comment 1 (1985).

On the other hand, courts have accepted the interpretation that a consequential damages exclusion survives independently of the failure of a separate limited remedy provision. *V–M Corp. v. Bernard Distributing Co.*, 447 F.2d 864 (7th Cir.1971); *Chatlos Systems, Inc. v. National Cash Register Corp.*, 635 F.2d 1081 (3d Cir.1980); *Lewis Refrigeration Co. v. Sawyer Fruit, Vegetable & Cold Storage Co.*, 709 F.2d 427 (6th Cir.1983); *Kearney & Trecker Corp. v. Master Engraving, Inc.*, 107 N.J. 584, 527 A.2d 429 (1987); *American Electric Power Co. v. Westinghouse Electric Corp.*, 418 F.Supp. 435 (S.D.N.Y.1976). When the exclusion on consequential damages stands independent of the failure of the limited remedy, it is still subject to being stricken if unconscionable. This view is supported by the policy embodied within the Code which recognizes that parties should remain free to contractually allocate risks and benefits as they see fit. *American Electric*, 418 F.Supp. at 458.

We hold that for purposes of this case it is unnecessary to accept either view as a binding proposition of law that will have to be applied in all cases which implicate these code sections. The more appropriate path to take is to examine the issue on a case by case basis. Thus, whether the particular exclusion of consequential damages should be enforced depends on the characteristics of the transaction and how the parties sought to allocate the risks. *Waters v. Massey–Ferguson, Inc.*, 775 F.2d 587, 592–93 (4th Cir.1985); *Fiorito Bros., Inc. v. Fruehauf Corp.*, 747 F.2d 1309, 1315 (9th Cir.1984).

In one instance, the transaction may involve a consumer sale in which the warranted goods consist largely of standardized parts. *See, e.g., Waters*, 775 F.2d at

592. The exclusion of consequential damages along with the failure of the limited remedy may also have left the buyer without any remedy at all. *See, e.g., Clark,* 581 P.2d at 801. In addition, the seller may have been wilful or dilatory in living up to its warranty obligations. *See, e.g., Adams v. J.I. Case Co.,* 125 Ill.App.2d 388, 261 N.E.2d 1 (4th Dist.1970).

At the other end of the spectrum, the case may involve two commercial entities of equal bargaining power. The goods may be complex and their performance may be dependent upon diverse factors. *See, e.g., Chatlos Systems,* 635 F.2d at 1087. Finally, the contract may provide additional remedies beyond those specifically excluded. *See, e.g., American Electric,* 418 F.Supp. at 459.

In the former case, a court would be more inclined to strike the consequential damages exclusion. In the latter situation, the exclusion would probably be deemed to stand independent of the failure of the limited remedy. Of course, there exist gradations between the two paradigmatic examples.

Here, Cole Energy is a sophisticated commercial enterprise of substantially equal bargaining strength. The lease agreements provide rights and impose duties on the lessor and lessee. Cole Energy does not allege that Ingersoll–Rand was wilful or dilatory in failing to meet its warranty obligations (assuming they did breach those obligations). Cole Energy is provided with the back-up remedy of return of payments made under the lease. The validity of this type of remedy has been held to provide a buyer with a minimum adequate remedy. *Marr Enterprises, Inc. v. Lewis Refrigeration Co.,* 556 F.2d 951 (9th Cir.1977); *Garden State Food Distributors, Inc. v. Sperry Rand Corp.,* 512 F.Supp. 975 (D.N.J.1981); *American Electric,* 418 F.Supp. at 459.

Considering all these factors, the balance tips in favor of enforcing the contractual terms in the lease. This comports with the policy of freedom of contract espoused by the Code. As one Illinois appellate court noted: "Courts should not assume an over-ly paternalistic attitude toward the parties to a contract by relieving one or another of them of the consequences of what is at worst a bad bargain...." *Dillman Assoc., Inc. v. Leasing Co.,* 110 Ill.App.3d 335, 343, 66 Ill.Dec. 39, 45, 442 N.E.2d 311, 317 (4th Dist.1982).

For these reasons, Ingersoll–Rand's motion precluding Cole Energy from recovering consequential damages and limiting its recovery to payments made under the lease is allowed.

## II. Implied Warranties

■ Implied warranties for merchantability and fitness may be disclaimed if the disclaimer is conspicuous and the disclaimer mentions merchantability. Ill.Rev.Stat. ch. 26, ¶ 2–316(2) (1985).

Here, the disclaimer clearly mentions merchantability. The disclaimer is set out in larger type than the rest of the contract and the section is clearly labeled "WARRANTIES". This passes the test of conspicuousness under the Code. Ill.Rev.Stat. ch. 26, ¶ 1–201(10). *Bowers Manufacturing Co., Inc. v. Chicago Machine Tool Co.,* 117 Ill.App.3d 226, 231–32, 72 Ill.Dec. 756, 762, 453 N.E.2d 61, 67 (2d Dist.1983).

Consequently, Cole Energy's claim for breach of implied warranties is dismissed.

### Conclusion

Defendant's motion for partial summary judgment is allowed and Plaintiff's damages are limited to payments made under the lease agreement. Plaintiff's claims for consequential damages and for breach of implied warranty are dismissed.

Pursuant to Fed.R.Civ.P. 56(c), this order is interlocutory.

Only Plaintiff's claims based on fraud remain for trial.