DANIEL J. KUBIK, Plaintiff-Appellant, *v.* CNA FINANCIAL CORPORATION *et al.*, Defendants-Appellees.

First District (5th Division)    No. 79-1966

Opinion filed February 6, 1981.—Rehearing denied June 10, 1981.

Edward Parsons, of Chicago (Gregory A. Friedman, Richard J. Friedman, Melvin M. Landau, and Andrew Schatz, of counsel), for appellant.

Reuben & Proctor, of Chicago (Gary M. Elden, Roger T. Brice, and Celia Y. David, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from the grant of summary judgment to defendants in an action for damages arising out of his employment termination allegedly in violation of the Equal Opportunities for the Handicapped Act (hereafter EOHA) [1] (Ill. Rev. Stat. 1975, ch. 38, par. 65—21 *et seq.*) and article I, section 19 of the Illinois Constitution (hereafter section 19) (Ill. Const. 1970, art. I, §19). On appeal, plaintiff contends that (1) summary judgment should have been denied because a genuine issue of fact existed as to whether he had a "physical or mental handicap" as that phrase is used in EOHA and section 19; (2) the court's construction of EOHA and section 19 denied him equal protection; and (3) the motion for summary judgment was defective in that it was combined with a motion to dismiss.

Plaintiff had been employed by defendants for a number of years, during which time he received promotions and increases in responsibility and income.[2] Then, in 1975, a malignant tumor was surgically removed from his colon and, when he returned to work in January 1976, he was informed that his employment was terminated as of March 1 of that year.

In his verified amended complaint asserting a wrongful discharge in violation of EOHA and section 19, plaintiff alleged that after his surgery he "reported to [d]efendants, ready to resume his duties" and at that time he "was physically handicapped in that his physiological condition limited and is regarded as limiting certain of his major life functions"; that defendants' personnel officer told him that they would not employ anyone with his "handicap" irrespective of qualifications; that he was capable of performing the employment duties required of him by defendants but was discharged because of "his physical condition and handicap." He asked for reinstatement, back pay, and other damage. Defendants' answer essentially denied those allegations.

Thereafter, the trial court granted a motion of defendants for

---

[1] EOHA was subsequently repealed effective July 1, 1980, and essentially replaced by the Illinois Human Rights Act. (Ill. Rev. Stat., 1979 Supp., ch. 68, par. 1—101 *et seq.*) See Davis & Murphey, *The Illinois Human Rights Act: Revision of Illinois Law Concerning Discrimination in Employment*, 69 Ill. B.J. 218 (1980).

[2] Plaintiff alleged employment by both defendants, but in their joint answer they deny any employment by defendant CNA Financial Corporation. However, in their motion for summary judgment and supporting memorandum, they treat plaintiff as being the employee of both, and we will also do so in this opinion.

summary judgment based on findings that there was no genuine issue as to any material fact and that a cause of action had not been stated because plaintiff's condition was not a physical handicap within the meaning of either EOHA or section 19. This appeal followed.

OPINION

Summary judgment should be granted if it appears from the matter presented in support and in opposition to the motion that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57(3); *Joseph W. O'Brien Co. v. Highland Lake Construction Co.* (1972), 9 Ill. App. 3d 408, 292 N.E.2d 205.) It is, however, a drastic means to dispose of litigation (*Green v. McClelland* (1973), 10 Ill. App. 3d 350, 293 N.E.2d 629) which should be granted only when the right of the movant thereto is clear and free from doubt (*Marshall v. City of Chicago Heights* (1978), 59 Ill. App. 3d 986, 376 N.E.2d 657).

It is the initial contention of plaintiff here that summary judgment was improperly granted because an issue of fact exists as to whether his physical condition at the time of his employment termination was a "physical or mental handicap" as under section 19 and EOHA. Section 19 provides: "All persons with a physical or mental handicap * * * shall be free from discrimination unrelated to ability in the hiring and promotion practices of any employer" (Ill. Const. 1970, art. I, §19), and section 3 of the EOHA provides:

"It is an unlawful employment practice for an employer: (1) * * * to discharge * * * any individual * * * because of such individual's physical or mental handicap, unless it can be shown that the particular handicap prevents the performance of the employment involved; * * *." Ill. Rev. Stat. 1975, ch. 38, par. 65—23.

It should be noted that the only documents presented to and considered by the trial court in ruling on the motion for summary judgment were the verified amended complaint and answer thereto, defendant's memorandum in support of the motion, and plaintiff's memorandum in opposition thereto with his personal affidavit. Plaintiff's affidavit and amended complaint stated in substance that when he returned to work after his surgery for removal of a malignant tumor, he told defendants that his doctors would not consider him cured until five years had passed without a recurrence; that he was ready and capable of performing his duties, but he "was physically handicapped in that his physiological condition limited and is regarded as limiting certain of his major life functions"; and that he was discharged because of "his physical condition and handicap." In their memorandum, defendants rely solely

upon *Advocates for the Handicapped v. Sears, Roebuck & Co.* (1978), 67 Ill. App. 3d 512, 385 N.E.2d 39, *cert. denied* (1979), 444 U.S. 981, 62 L. Ed. 2d 408, 100 S. Ct. 484, to sustain their position. In his memorandum, plaintiff cites no legal authority and argues only that *Advocates* is not dispositive.

■■ In *Advocates*, a plaintiff (Klapacz), as a result of nephritis and a kidney transplant, was restricted from heavy lifting. He contended that "under the ordinary and popularly understood meaning of the term [physical or mental handicap], any individual is handicapped if he is prevented from fully enjoying his life because of a physical or mental condition." (67 Ill. App. 3d 512, 515-16, 385 N.E.2d 39, 42.) Employment was denied because he was an uninsurable risk under defendant's program of self-insurance and, because of his ineligibility was based upon his physical condition, he argued that he was handicapped under the purview of EOHA. In support, he referred to the definition of handicap in Webster's Third New International Dictionary 1027 (1976): "* * * a disadvantage that makes achievement unusually difficult; *esp*: a physical disability that limits the capacity to work." The court, however, in finding that Klapacz was not handicapped within the meaning of section 19 or EOHA, stated:

"[W]e cannot accept the plaintiff's interpretation of the common meaning of the phrase 'physical and mental handicap.' First, we feel that this approach would extend the proscriptions of the Act well beyond the scope intended by the legislature. Since virtually every consideration upon which an employer is likely to evaluate a prospective or current employee may be classified as either a mental or physical condition, the Act would be transformed into a universal discrimination law. Even such considerations as sex, age and race could be denominated as physical conditions and thus would be swept within the purview of the Equal Opportunities for the Handicapped Act." (67 Ill. App. 3d 512, 516, 385 N.E.2d 39, 43.)

It then went on to say:

"[W]e believe that the legislature had in mind a more objective criteria for determining what physical or mental conditions consti-tute handicaps within the meaning of the Act than that suggested by the plaintiff. In effect, he argues that for any physical condition to reach the level of a handicap to be protected by the Act, an employer need only act upon that condition and deny the indi-vidual employment. We believe, however, that in enacting this legislation, the General Assembly had in mind *a class of physical and mental conditions which are generally believed to impose*

*severe barriers upon the ability of an individual to perform major life functions."* (Emphasis added.) 67 Ill. App. 3d 512, 516-17, 385 N.E.2d 39, 43.

■■ We adopt the *Advocates* interpretation of "physical or mental handicap" as emphasized above and, thus, the question presented here is whether plaintiff's condition comes within that class. In this regard, we note that the only reference to a handicap are allegations in his amended complaint and affidavit that he had a malignant tumor on his colon which was successfully removed; that doctors would not consider him cured until five years had passed without a recurrence; and that he "was physically handicapped in that his physiological condition limited and is regarded as limiting certain of his major life functions." Even construing those allegations liberally in favor of plaintiff, we think it clear that they do not assert a physical handicap under the *Advocates* interpretation of that term. Neither do we believe defendant has asserted a handicap under the dictionary definition stated above, as there is nothing in the record from which it could be inferred that his condition was "a disadvantage that makes achievement unusually difficult" or "a physical disability which limits the capacity to work."

■■ Moreover, in ruling on a motion for summary judgment, the trial court should disregard conclusions of the pleader and only consider evidentiary facts. (*Murphy v. Ambassador East* (1977), 54 Ill. App. 3d 980, 370 N.E.2d 124; *Bottorff v. Spence* (1962), 36 Ill. App. 2d 128, 183 N.E.2d 1.) Here, the allegation that "plaintiff was handicapped in that his physiological condition limited and is regarded as limiting certain of his major life functions" is a conclusion unsupported by any allegation of fact and, as such, was properly disregarded by the trial court. There being no evidentiary facts supporting plaintiff's allegation of a handicap and because no other purported issue of material fact has been urged by plaintiff, we conclude that summary judgment was properly granted.

We turn then to the additional contention of plaintiff that the trial court's reliance upon *Advocates* resulted in a construction of section 19 and EOHA which was in violation of his equal protection rights.

Under the traditional standard of equal protection review, a classification will be sustained if there is a reasonable basis for distinguishing the class to which the law is applicable from the class which it is not (*Massachusetts Board of Retirement v. Murgia* (1976), 427 U.S. 307, 49 L. Ed. 2d 520, 96 S. Ct. 2562; *Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 99 L. Ed. 563, 75 S. Ct. 461), and because the reasonableness of the classification is presumed, the party challenging it has the burden of establishing its invalidity (*Village of Belle Terre v. Boraas* (1974), 416 U.S. 1, 39 L. Ed. 2d 797, 94 S. Ct. 1536; *Jefferson v.*

720

*Hackney* (1972), 406 U.S. 535, 32 L. Ed. 2d 285, 92 S. Ct. 1724; *Hoskins v. Walker* (1974), 57 Ill. 2d 503, 315 N.E.2d 25).

■ Specifically, plaintiff argues that the *Advocates* interpretation of "physical and mental handicap," considered by the trial court to be dispositive in the instant case, is an unreasonable classification in that it is contrary to the language of section 19 and EOHA. We disagree.

The court, in *Advocates*, after noting that section 19 does not effectively define the phrase "physical or mental handicap" (67 Ill. App. 3d 512, 514, 385 N.E.2d 39, 41-42), stated that it examined the record of the constitutional convention proceedings to ascertain the intent of the framers, and it concluded that "there is no indication in the record that the delegates ever agreed upon a precise formula for determining the scope of the term 'physical or mental handicap' " (67 Ill. App. 3d 512, 515, 385 N.E.2d 39, 42). The *Advocates* court also analyzed the definition of that same phrase in EOHA and stated, "[T]his definition effectively begs the question of what constitutes a handicap for purposes of the Act * * *." (67 Ill. App. 3d 512, 515, 385 N.E.2d 39, 42.) We are in accord with this reasoning and, since guidance is not provided in section 19 or EOHA as to the scope of the phrase "physical or mental handicap," we reject plaintiff's argument that an unreasonable classification resulted because the *Advocates* interpretation was contrary to the language of those provisions.

Plaintiff also maintains that the summary judgment should be vacated because the trial court improperly combined the motion for summary judgment with a motion to dismiss. He takes this position from the fact that defendant's motion for summary judgment included the ground "that plaintiff has failed to state a cause of action" and because the court, in granting summary judgment, while finding that there was no genuine issue of material fact, also held "that [p]laintiff has failed to state a cause of action in the Amended Complaint."

■■ ■ It is correct, as plaintiff states, that the practice of combining a request for summary judgment with an inquiry as to whether a pleading states a cause of action has been expressly disapproved by our courts (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605; *Buchalo v. Country Mutual Insurance Co.* (1980), 83 Ill. App. 3d 1040, 404 N.E.2d 473); however, it is not grounds for reversal absent a showing of prejudice (*Chemical Petroleum Exchange, Inc. v. Metropolitan Sanitary District* (1980), 81 Ill. App. 3d 1005, 401 N.E.2d 1203; *Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 401 N.E.2d 973). Here, it is clear that in finding "that no issue of genuine fact was presented" the trial court treated the motion as one for summary judgment under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57), and, because we agree that summary judgment was

properly entered on that basis, we conclude that plaintiff was not prejudiced, because the additional finding that no cause of action was stated was not necessary in the determination of whether summary judgment should be granted.

For the reasons stated, summary judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.