EILEEN LAURENCE *et al.*, Plaintiffs-Appellants, v. THE FLASHNER
MEDICAL PARTNERSHIP *et al.*, Defendants-Appellees.

First District (2nd Division)   Nos. 1—88—3392, 1—88—1147 cons.

Opinion filed November 30, 1990.

William J. Harte, Ltd., of Chicago (William J. Harte and Sylvia A. Sotiras, of counsel), for appellants.

Cheryl Weissman, of Office of General Counsel of Flashner Medical Partnership, of Chicago, for appellees.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Plaintiffs Eileen Laurence, M.D., and James H. Martin, M.D., filed suit against defendants Bruce A. Flashner, M.D., and the Flashner Medical Partnership (FMP) for an accounting, a declaration of partnership rights, breach of fiduciary duty, and fraud in inducing entry into the partnership. The circuit court entered summary judgment against plaintiffs and in favor of defendants as to all counts. Defendants then sought to impose sanctions against plaintiffs, and, in response, plaintiffs sought to impose sanctions against defendants. The circuit court denied both motions for sanctions. Plaintiffs appeal the entry of summary judgment against them and the denial of their motion for sanctions. Defendants cross-appeal the denial of their motion for sanctions. The issues raised on appeal are: (1) whether the circuit court erred in granting defendants' motion for summary judgment; and (2) whether the circuit court erred in denying both plaintiffs' and defendants' motions for sanctions.

On September 1, 1981, Dr. Laurence joined FMP, a medical partnership engaged in the practice of providing medical care. On April 1, 1983, Dr. Martin joined FMP. Thereafter, on April 10, 1985, Dr. Martin was expelled from the partnership, and on September 30, 1985, Dr. Laurence was also expelled.[1]

FMP's articles of partnership governed all partners' rights and responsibilities. Pursuant to the articles of partnership, all new partners were allocated "units" representing their respective percentage interests in FMP. The articles required that all partners pay into the partnership the book value of units distributed to him. Those articles stipulated that the senior partner, Dr. Flashner, "shall at all times

---

[1] Prior to Dr. Laurence's dismissal from the partnership, she was absent from work for a period of approximately six months. FMP and Dr. Flashner repeatedly attempted to contact her by letters and mailgrams; however, she did not respond. Dr. Laurence stated that she did not receive most of the correspondences.

automatically be entitled to \*\*\* no less than 51% of the outstanding units of Partnership." The articles further indicated that the capital investment of FMP was to be divided into 100 units valued at $10,000 per unit, the aggregate amount of the capital investment and the number and dollar amount of each unit being subject to change in the sole discretion of Dr. Flashner: Dr. Flashner "shall consider whether, in the interest of fairness to individual Partners, or in the general interest of the Partnership, the Partnership interest of any of the Partners should be reduced or increased." Additionally, the articles stipulated that FMP could require a partner's withdrawal effective upon 90 days' written notice. On April 10, 1985, the articles were amended to allow for the expulsion of a partner on 90 days notice or "such lessor [sic] time as the Partnership's Management Group shall determine."

On October 8, 1985, Drs. Laurence and Martin filed a verified complaint containing four counts. Count I of the complaint sought an accounting from defendants. Plaintiffs averred that Dr. Flashner had "exclusive control over and access to books and records of FMP." Plaintiffs claimed that they did not receive their just and proportionate shares of the profits of FMP, in contravention of the articles of partnership. Plaintiffs further alleged that their unit interests in FMP were improperly, negligently, or fraudulently revalued, reallocated or reduced to zero. The complaint alleged that despite repeated demands for an accounting, Dr. Flashner refused to allow plaintiffs or their accountants access to the books and records of FMP. For relief, plaintiffs requested a formal accounting and a court appointee to manage and control the assets and affairs of FMP until proper distributions were made to the partners.

In count II, plaintiffs alleged that their unit interests in FMP were substantially devalued and that Dr. Flashner failed to provide a "full and complete accounting for the reallocation and decrease of plaintiffs' unit interests." Count II also alleged that Dr. Martin had been improperly expelled from FMP. For relief, plaintiffs again requested an accounting as well as a declaration of the rights, obligations and interests of the partners in FMP.

Count III of the complaint alleged that Dr. Flashner, as the senior and "controlling" partner, breached his fiduciary duty to the partners. Plaintiffs averred that Dr. Flashner convinced them to purchase stock in Doctor's Officecenters Corporation, which was owned and controlled by FMP, at $9 per share. Plaintiffs alleged that they purchased the stock in reliance upon Dr. Flashner's representations that the investments were needed to stabilize the price and to present a cohesive

and healthy financial picture of the service corporation to the public. Moreover, plaintiffs averred that, in order to expedite the sale of the stock, Dr. Flashner helped them secure loans for the purchase of the stock. Plaintiffs further alleged that Dr. Flashner promised to make them "whole" should the value of the stock decline. According to plaintiffs, the stock value declined to $3 per share, a fact which Dr. Flashner knew would occur due to his "private and secret" negotiations with Humana, the company which later purchased Doctor's Officecenters Corporation. Plaintiffs alleged that, after the drop in the stock value, Dr. Flashner again assured them that he would make the partners of FMP "whole" with respect to the investment losses. For relief, plaintiffs again requested an accounting in addition to damages resulting from Dr. Flashner's alleged breach of fiduciary duty.

In count IV, plaintiffs alleged that Dr. Flashner fraudulently induced them to join the partnership by promising greater compensation than was available elsewhere, but that the higher compensation was never forthcoming. Plaintiffs requested compensatory and punitive damages in addition to an accounting. In support of their allegations, plaintiffs attached to their complaint FMP's original articles of partnership.

Defendants, in their verified answer, admitted that Drs. Laurence and Martin had been partners in FMP at one time and had been expelled from the partnership. However, defendants denied plaintiffs' allegations that Dr. Flashner had exclusive control over FMP's books and records and had refused plaintiffs' requests for access to the financial documents. Furthermore, defendants denied that Dr. Flashner breached his fiduciary duty or fraudulently induced plaintiffs to enter into partnership with FMP. Defendants further denied that Dr. Laurence or Dr. Martin was improperly expelled from the partnership.

On August 4, 1988, defendants filed a motion for summary judgment. In support of their motion, defendants attached the amended articles of partnership and six affidavits. In addition, defendants submitted copies of two opinions involving FMP as a defendant: one from a Federal district court in Illinois and the other from a New York State court.

In the first affidavit, Dr. Flashner stated that though he had sent Dr. Laurence numerous letters during the period that she had been absent from work, he received no responses from her. Dr. Flashner further stated that he had offered Dr. Laurence access to all of FMP's financial statements and other records in his letters of May 14, 1985, and June 14, 1985. Those letters, in addition to all the other let-

ters and mailgrams which Dr. Flashner sent to Dr. Laurence, were also attached to the motion for summary judgment.

The second and third affidavits, from Karin Olson and Kathy Brasky, respectively, simply stated that those letters which Dr. Flashner sent to Dr. Laurence were mailed by the two affiants.

The fourth, fifth, and sixth affidavits were from doctors who were present at the management meeting on April 10, 1985, when the articles of partnership were amended and when Dr. Martin was voted out of the partnership. All three doctors stated that Dr. Laurence was present at the meeting and that the vote was unanimous as to the amendment and as to the expulsion of Dr. Martin.[2]

Plaintiffs did not respond to defendants' motion for summary judgment nor did they offer any counteraffidavits or exhibits in response to defendants' motion.

On October 18, 1988, a hearing on the summary judgment motion was held. After hearing arguments, the court granted summary judgment in favor of defendants. In so doing, the court stated:

> "I have reviewed the motion for summary judgment. It's extensive. The documentation supplied is extensive, and I am satisfied that without counter-affidavits, counter exhibits, or counter presentations, the motion must prevail.
>
> It's the law in Illinois that a verified complaint does not satisfy as an answer to a motion for summary judgment. Once summary judgment is presented and affidavits are tendered in support of evidentiary questions, counsel cannot look to its pleadings and say we have answered it, we have denied it, we have pled earlier. Affidavits must be countered by counter-affidavits, and if they are not countered, the affidavits stand as the last word available to the court.
>
> On this multiple count complaint, the affidavits dictate that all the issues are resolved in favor of the Defendant."

The court then found that the articles of partnership governed the dispute and that, pursuant to the articles, Dr. Martin was expelled properly from the partnership. On the question of fraudulent inducement into the partnership, the court stated that the complaint set forth only future promises which did not "satisfy Illinois law to set out a complaint for fraud." As to breach of fiduciary duty, the court

---

[2]On June 19, 1987, in her answers to a request to admit, Dr. Laurence stated that she could neither admit nor deny attending the meeting of April 10, 1985. However, Dr. Laurence did state that if she had voted that day she would have voted "with qualifications."

found that the articles governed and that it was "satisfied that what was done was done pursuant to the articles of incorporation."

The court further found that the accounting which plaintiffs requested had already been given to plaintiffs. According to the argument advanced by defendants, hundreds of documents had been made available to plaintiffs, yet plaintiffs had not taken adequate opportunity to review the documents; nor had plaintiffs ever complained about the content or the number of the documents provided by defendants. Thus, the court stated:

> "[I]f it was Plaintiffs' position that there were documents being secreted *** withheld or *** not being made available, a motion under 2—1007 would have fleshed out that argument and would have brought appropriate consideration from the Court. None of that was done."

After summary judgment was entered against them, plaintiffs did not file a motion to reconsider nor did they move to file supplemental pleadings. Defendants, however, filed a motion pursuant to section 2—611 of the Illinois Code of Civil Procedure against plaintiffs. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) That motion alleged that plaintiffs advanced false pleadings due to plaintiffs' reliance upon the original articles of partnership attached to the complaint. Defendants averred that plaintiffs were aware of the existence of the amended articles and knew that those articles governed, but had instead relied upon the original articles. Plaintiffs responded, asserting Dr. Martin's good-faith basis for relying upon the original articles. In response, plaintiffs requested that defendants be sanctioned for filing a frivolous section 2—611 motion. On April 21, 1989, the court denied both motions for sanctions.

From the order granting defendants' motion for summary judgment and the order denying plaintiffs' motion for sanctions, plaintiffs appeal. Defendants cross-appeal from the order denying their motion for sanctions.

I

Plaintiffs argue that the circuit court erred in granting defendants' motion for summary judgment because issues of fact still remained. Specifically, plaintiffs contend that although defendants submitted affidavits in support of their motion for summary judgment, those affidavits did not address every issue of fact raised in plaintiffs' complaint. Accordingly, since there were still issues of fact, summary judgment was inappropriate.

Summary judgment will be awarded only where the plead-

ings, depositions, admissions, and affidavits demonstrate that no genuine issue of fact exists which warrants trying the case. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 403 N.E.2d 1239; *Diomar v. Landmark Associates* (1980), 81 Ill. App. 3d 1135, 401 N.E.2d 1287.) When affidavits presented in support of summary judgment are not contradicted by counteraffidavits, they must be taken as true, even though the adverse party's pleadings allege contrary facts. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Zannis v. Lake Shore Radiologists, Ltd.* (1982), 104 Ill. App. 3d 484, 432 N.E.2d 1108.) Thus, although a party need not support with affidavits a motion seeking summary judgment, a party may not rely solely on his complaint to oppose a supported motion for summary judgment. Where a party moving for summary judgment files supporting affidavits containing well-pleaded facts and the party opposing the motion files no counteraffidavits, the material facts set forth in the movant's affidavits stand as admitted. (*Lawrence v. Rubio* (1980), 85. Ill. App. 3d 472, 410 N.E.2d 946; *Pitler v. Michael Reese Hospital* (1980), 92 Ill. App. 3d 739, 415 N.E.2d 1255.) Even the allegations of a verified complaint cannot prevail over the uncontradicted facts set forth in affidavits submitted by defendants in support of a motion for summary judgment. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497; *Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 425 N.E.2d 1055.) However, even though the opposing party fails to provide counteraffidavits, the movant is not entitled to summary judgment unless the affidavits establish the right to summary judgment as a matter of law. (*Session v. Chartrand Equipment Co.* (1985), 133 Ill. App. 3d 719, 479 N.E.2d 376.) Moreover, such affidavits are to be strictly construed against the movant, and summary judgment should be granted only when the right to it is clear and free from doubt. *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

Plaintiffs argue that the circuit court erred when it found that an accounting had been given to plaintiffs. Specifically, plaintiffs contend that defendants did not offer any support in their affidavits for their contention that they had given plaintiffs adequate access to the partnership books.

Plaintiffs maintain that only Dr. Flashner's affidavit addressed the issue of whether an accounting had been given. Dr. Flashner's af-

fidavit stated that he had left several messages on Dr. Laurence's answering machine offering access to all the financial documents and that he sent two letters containing offers to Dr. Laurence to come in to view financial documents. Plaintiffs argue that Dr. Flashner's statement in the affidavit did not address plaintiffs' allegation in their complaint that, despite repeated attempts by plaintiffs, Dr. Flashner had refused access to the books. Moreover, plaintiffs argue that Dr. Flashner made no reference to any similar invitation to Dr. Martin to view the books. Notwithstanding the offers to Dr. Laurence, plaintiffs argue that such offers fall far short of satisfying defendants' burden to sufficiently demonstrate and explain FMP's financial matters.

In response, defense counsel argued at the hearing for summary judgment that 30 boxes of documents were made available to plaintiffs, but that plaintiffs did not take advantage of the offering. Defendants maintained that they provided everything to plaintiffs, that they gave plaintiffs the opportunity to come into FMP's offices with their attorneys and accountants, and that they allowed plaintiffs four days in which to review the financial documents. However, plaintiffs never took advantage of defendants' offer. Rather, plaintiffs' accountant examined the books for only four hours.

At the hearing, plaintiffs admitted that they had wanted to identify documents which had not been produced by defendants, but had "run out of time." However, as defendants correctly pointed out, plaintiffs had had over one year in which to study the documents: the documents were provided in March and June 1987; the hearing was held on October 18, 1988.

■ Despite their acknowledgment that they "ran out of time," plaintiffs maintain that the court should not have awarded summary judgment to defendants, but instead should have ordered an accounting for plaintiffs. Plaintiffs argue that the circuit court erred when it held that an appropriate accounting had been made. For support, plaintiffs rely upon *Schane v. Conrad* (1979), 68 Ill. App. 3d 961, 386 N.E.2d 431, and *Lichtenstein v. Anvan Co.* (1978), 62 Ill. App. 3d 91, 378 N.E.2d 1171.

In *Schane*, the parties were partners and when the partnership dissolved, one partner sued for an accounting. The circuit court refused to order an accounting, stating that the accounting had already been accomplished through the testimony of one of the defendants and his accountant and the former's business records. The plaintiff in *Schane* argued that this information was not sufficient to establish an accounting and that he was entitled to a separate hearing. On appeal, the court reversed the circuit court, holding that the

evidence produced in the circuit court was only a cursory summary which "fell far short of meeting the requirement of a complete adjustment of all partnership matters." (*Schane v. Conrad*, 68 Ill. App. 3d at 966.) The court held that the plaintiff was entitled to a separate hearing because the circuit court's award was based upon insufficient data. (*Schane v. Conrad*, 68 Ill. App. 3d at 967.) Pursuant to *Schane*, a suit for an accounting involves two separate and distinct determinations: (1) that an accounting is required, and (2) that plaintiff is due a sum certain. *Schane v. Conrad*, 68 Ill. App. 3d at 964.

Plaintiffs also rely upon *Lichtenstein v. Anvan Co.* (1978), 62 Ill. App. 3d 91, 378 N.E.2d 1171, where the plaintiffs, former partners, sued the partnership for an accounting. To satisfy the plaintiffs' demands for an accounting, the defendant tendered an audit prepared by its accounting firm. Not satisfied with the defendant's audit, the plaintiffs hired their own accounting firm to produce a second audit. The circuit court then formulated its own accounting based upon a combination of both audits and ruled that a hearing at which both sides could produce evidence in support of their accountings was unnecessary. (*Lichtenstein v. Anvan Co.*, 62 Ill. App. 3d at 95.) The appellate court reversed, holding that a genuine issue of fact existed as to which accounting was proper and that the circuit court erred in refusing to grant an evidentiary hearing on this issue. *Lichtenstein v. Anvan Co.*, 62 Ill. App. 3d at 96.

■ The Uniform Partnership Act provides that a partner has a right to have an accounting as to his interest when he leaves the partnership. (Ill. Rev. Stat. 1987, ch. 106½, par. 43.) An accounting is a statement of receipts and disbursements which should show all of the detailed financial transactions of the business including a listing of the original contributions and current assets and liabilities of the partnership. (*Horwitz v. Ritholz* (1984), 125 Ill. App. 3d 193, 465 N.E.2d 642; *Schane v. Conrad* (1979), 68 Ill. App. 3d 961, 386 N.E.2d 431; *Polikoff v. Levy* (1971), 132 Ill. App. 2d 492, 270 N.E.2d 540.) However, whether an accounting is ordered is largely a matter within the discretion of the circuit court. *Sharps v. Stein* (1980), 90 Ill. App. 3d 435, 413 N.E.2d 75.

■ The evidence in the instant case does not reveal or suggest that defendants' production of documents was anything more than an invitation to rummage through selected files. The record fails to establish what the "30 boxes" of documents actually contained. Whether those boxes contained a list of all receipts and disbursements made, the original vouchers, bills, cancelled checks, and a listing of original contributions and current assets and liabilities is not known.

The record does not reveal that defendants prepared or commissioned audits or otherwise explained or documented the manner and method by which the value or allocation of plaintiffs' unit interests in the partnership were determined. In an action for an accounting, the defendant has the burden to prove that he has been completely frank and honest with his partner and has made full disclosure. (*Bakalis v. Bressler* (1953), 1 Ill. 2d 72, 115 N.E.2d 323.) Here, defendants argued and the circuit court concluded that, since many boxes of documents were made available for inspection by plaintiffs, an accounting had been given.

■ We do not deny plaintiffs' responsibility to effectively use the discovery tools available under the supreme court rules. Indeed, there is no excuse for plaintiffs' failure to properly review the documents given by defendants. Nonetheless, the circuit court's finding that an accounting had been given was based upon insufficient evidence. We therefore conclude that, given the absence of evidence as to what documents had been tendered by defendants, the court's finding that an accounting had been given was erroneous.

Plaintiffs next contend that summary judgment was improper because defendants' affidavits did not address plaintiffs' allegations that Dr. Flashner breached his fiduciary duty. Specifically, plaintiffs contend that even if the circuit court's conclusion that defendants' affidavits stood uncontradicted was correct, those affidavits did not negate all the questions of material fact as to Dr. Flashner's breach of fiduciary duties.

■ Although the articles of partnership provided Dr. Flashner with sole discretion in handling the affairs of FMP, implicit in partnership agreements is a fiduciary duty between partners to act in the best interests of the partnership. (*Couri v. Couri* (1983), 95 Ill. 2d 91, 447 N.E.2d 334.) Moreover, where one party is the senior or "managing" partner, his obligation to deal fairly and openly and disclose completely is heightened. (*Saballus v. Timke* (1983), 122 Ill. App. 3d 109, 460 N.E.2d 755.) Further, when there is a question of breach of fiduciary duty of a managing partner, such partner has the burden of proving his innocence. *Bakalis v. Bressler* (1953), 1 Ill. 2d 72, 115 N.E.2d 323.

■ Even though the articles of partnership vested unfettered discretion in Dr. Flashner, he still owed a fiduciary duty to his fellow partners. Thus, a question of fact remained whether Dr. Flashner breached such a duty, notwithstanding the provisions in the articles of partnership. Consequently, the grant of summary judgment as to the issue of whether Dr. Flashner breached his fiduciary duty was error.

■■ In granting summary judgment on plaintiffs' fraud claims the court essentially found that plaintiffs had not stated a cause of action cognizable in Illinois. Though combining a motion for summary judgment with a motion to dismiss, absent a showing of prejudice, is not grounds for reversal (*Kubik v. CNA Financial Corp.* (1981), 96 Ill. App. 3d 715, 422 N.E.2d 1), it is clear that in finding that no issue of genuine fact was presented the court treated the motion as one for summary judgment. In so doing, the court made findings of fact; specifically, the court weighed the evidence provided by both parties and found for defendants. This was improper on a motion for summary judgment.

We conclude that the affidavits submitted by defendants did not remove questions of fact and therefore did not establish their right to summary judgment. The orders granting summary judgment must therefore be reversed.

## II

Both parties appeal the denials of their motions for sanctions.[3] Defendants contend that plaintiffs attached the original articles of partnership in order to fraudulently advance their case. Plaintiffs maintain that defendants motioned for sanctions in order to harass plaintiffs.

■■■ ■ The grant or denial of a motion for sanctions rests within the sound discretion of the circuit court. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611; *Fried v. Barad* (1989), 187 Ill. App. 3d 1024, 543 N.E.2d 1018.) Furthermore, as section 2—611 is penal in nature, its provisions must be strictly construed. (*Diamond Mortgage Corp. v. Armstrong* (1988), 176 Ill. App. 3d 64, 530 N.E.2d 1041.) The burden of proving entitlement to fees and costs rests on the party seeking sanctions. (*Diamond Mortgage Corp. v. Armstrong*, 176 Ill. App. 3d at 71.) Moreover, a petition for attorneys fees and costs must meet minimum specificity requirements so that a responding party has an opportunity to challenge and defend against the allegations; the petition must specifically state both which statements were falsely made and what fees were incurred as a result of such statements. *Geneva Hospital Supply, Inc. v. Sanberg* (1988), 172 Ill. App. 3d 960, 966, 527 N.E.2d 611.

■■ From the record before us, we cannot say that the circuit

---

[3]Plaintiffs never "motioned" for sanctions; rather, they requested in their reply to defendants' motion that the defendants be sanctioned. Notwithstanding the fact that plaintiffs never filed a formal motion, the court denied both motions.

court abused its discretion in denying the requests for sanctions. The denial of both motions must therefore be affirmed.

For the reasons stated, the judgment denying plaintiffs' and defendants' requests for sanctions is affirmed. The judgment granting defendants' motion for summary judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

BILANDIC and SCARIANO, JJ., concur.