GOSHORN, Judge.
Jack and Mary Cheek (the Cheeks) appeal the amended final judgment entered in favor of Sherwood Bugg (Bugg) which requires the Cheeks to pay for a court ordered appraisal, *145 and Bugg’s costs and attorney’s fees. For the reasons discussed below, we affirm in part and reverse in part.
The facts of this case are generally uncontested. In 1983, the Cheeks employed Bugg as the comptroller and accountant for their family business in Duval County. The business, then known as Packer Sales Company, was subsequently renamed Cooke’s Plantation Foods (CPF). In 1985, the Cheeks moved the business to St. Johns County and formed the Plantation Park Associates Partnership. This general partnership included the Cheeks as managing general partners. Jack and Mary Cheek held 25% and 26% of the shares respectively, while Bugg held 10%. The remaining interests were held by other Cheek family members. The partnership agreement provided that each partner would share in the profits and losses in proportion to his or her respective partnership interest.
The parties created the partnership for the purpose of owning and developing real estate. As one of its ventures, the partnership secured financing through a revenue bond to purchase and develop an 18 acre tract of land. A lawsuit ensued over the construction of a warehouse on the property. When the partnership agreed to settle the case for $355,000, it incurred a substantial debt because it had to borrow the money to pay the settlement. Additionally, when CPF, which had been leasing a warehouse on the property, could no longer afford its lease payments, the partnership agreed to accept a lower rental payment in return for the tenant’s continued occupancy. Because the new amount was considerably less than the mortgage on the property, the partnership incurred more debts. As such, it made several “cash calls” to partners requesting contributions. However, Bugg failed to make any payments to cover the partnership’s losses.
In May 1990, Bugg terminated his employment with CPF, and shortly thereafter, the Cheeks served Bugg a notice of expulsion from the partnership. As grounds for the expulsion, the Cheeks cited Bugg’s employment termination and his failure to contribute his share to cover partnership losses. Both reasons were valid under the terms of the partnership agreement. Bugg made a formal demand that the partnership redeem his partnership interest in accordance with paragraphs 12(c), 13(c)(ii) and 13(c)(iii) of the partnership agreement.[1] However, the Cheeks did not do so, contending that Bugg was owed nothing because partnership losses exceeded assets.
Bugg then filed a two-count complaint against the Cheeks. Count I alleged breach of the partnership agreement and Count II asserted that the Cheeks breached their fiduciary duty. The Cheeks filed an answer, affirmative defenses and a counterclaim. The counterclaim alleged that Bugg, a certified public accountant, negligently prepared the Cheeks’ 1987 and 1988 personal income tax returns.
Ultimately, the case was tried non-jury. Mr. Cheek testified that the value of the partnership’s assets was less than its liabilities. Therefore, he determined that Bugg *146 was not due any redemption. Bugg testified that he believed that the partnership had approximately $600,000 in equity, and his share would have been about $60,000.
The court found that Bugg was entitled to redeem his interest in the partnership pursuant to his expulsion and ordered an appraisal (which the trial judge characterized as an “accounting”) of the partnership’s real property and reserved jurisdiction as to Count I until the results were available. Also, the court found that partnership debt equaled $1,155,000; thus, Bugg owed $115,000 to the partnership and that amount would be subtracted from any redemption he was due. At that time, the court reserved jurisdiction on the issue of attorney’s fees, costs and prejudgment interest. However, it ruled in favor of the Cheeks, both as to Count II and their counterclaim.
After the court-appointed appraiser valued the partnership’s assets at $600,000, the court entered judgment as to Count I finding that Bugg was not entitled to any payment for the redemption of his partnership interest because his obligation to the partnership exceeded his interest in partnership assets. Ultimately, after several other hearings, the court required the Cheeks to pay for the appraisal and awarded Bugg his costs and attorney’s fees for bringing this action.[2]
The Cheeks present two issues on appeal. First, they argue that the lower court erred in.awarding Bugg costs and attorney’s fees and in requiring the Cheeks to pay for the court-ordered appraisal. Second, the Cheeks assert that because Bugg did not meet his burden of proof in establishing the value of the partnership property, the lower court abused its discretion in ordering the appraisal and in requiring the Cheeks to bear the costs of that appraisal.

ATTORNEY’S FEES AND COSTS

We begin our analysis with the observation that the Florida Supreme Court “is committed to the doctrine that attorney’s fees cannot be taxed as costs in any cause unless authorized by contract or legislative authority.” Codomo v. Emanuel, 91 So.2d 653, 655 (Fla.1956), disapproved of on other grounds, Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1148 (Fla.1985). An exception to this rule has been made where a partner is forced to bring suit for dissolution of the partnership and an accounting. See A.J. Richey Corp. v. Garvey, 132 Fla. 602, 182 So. 216 (Fla.1938) (en banc). In the present case, neither the partnership agreement nor any statute provided for the award of attorney’s fees to a prevailing party. As such, the only manner by which the trial court could justify the award of attorney’s fees is through the exception enumerated in Richey.
The Cheeks assert that the trial court erred in determining that Bugg was entitled to attorney’s fees pursuant to the Richey exception because Bugg did not bring an action for dissolution and an accounting. Indeed, the record clearly supports the argument that Bugg pursued his claim under a breach of contract theory. In doing so, he “made demand on Plantation Park Associates for redemption of his partnership interests” pursuant to the partnership agreement. Bugg never made a formal demand for an accounting but merely demanded his right to an appraisal which existed under the partnership agreement. These terms have distinct meaning which must be given effect.[3] *147 Accordingly, because Bugg did not bring an action for an accounting and dissolution, there is no basis to award attorney’s fees. See Fineberg v. Kline, 542 So.2d 1002, 1005 (Fla. 3d DCA 1988) (finding that the trial court erred in awarding attorney’s fees on the basis that the plaintiff recovered partnership assets incident to an accounting when the plaintiff did not bring an action for dissolution but instead, the parties agreed to the dissolution), review denied, 553 So.2d 1165 (Fla.1989); Balzam v. Cohen, 427 So.2d 329, 331 (Fla. 3d DCA 1983) (reversing attorney’s fees awarded on the basis of the Richey exception because partner did not bring an action for dissolution), disapproved of on other grounds by, Johnson v. Bednar, 573 So.2d 822, 826 (Fla.1991); Granger Lumber Co., Inc. v. Preston, 391 So.2d 370, 371 (Fla. 1st DCA 1980) (stating that where action was for breach of employment contract, prevailing party was not entitled to attorney’s fees absent a controlling statute or agreement between the parties although accountant was required to establish the debt).

COST OF APPRAISAL

The Cheeks assert that the trial court also erred in requiring them to pay for the appraisal costs because Bugg did not prevail on the significant issues in the litigation, citing Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992). However, this is not the test. The Cheeks must bear the cost of the appraisal because, under the partnership agreement, they had a duty to do so.[4]
In summary, we reverse the order of the trial court awarding Bugg his costs and attorney’s fees, and affirm the determination that the Cheeks are responsible for the cost of the appraisal. In view of our resolution of this appeal based upon the issues already discussed, we find it unnecessary to address the Cheeks’ remaining point on appeal.
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS, C.J., and COBB, J., concur.

. Paragraph 12(c) states:
In the event that a partner is expelled from membership in the partnership as set forth hereinabove, the total consideration which he shall receive in full payment for his partnership interest herein and the terms of payment shall be as set forth in paragraphs 13(c)(ii) and 13(c)(iii) as though such payment were with respect to a redemption transaction described in Paragraph 13(c)(i).
Paragraph 13(c)(ii) states in pertinent part:
In the event that the ... managing general partner determines that the partnership interest in question shall be redeemed, it shall be so redeemed.... The redemption price shall be equal to the then capital account balance of such partner, adjusted to reflect any unrealized appreciation or depreciation in the value of the partnership's assets. Such unrealized appreciation or depreciation ... shall be determined by independent appraisal of the partnership assets, which shall be performed by an appraiser selected by the then acting managing general partner, [emphasis added].
Paragraph 13(c)(iii) states:
Upon the determination of the redemption price, as set forth in subparagraph (ii) above, the managing general partner shall then have the sole and absolute discretion to determine the terms of payment of same. The judgment and discretion of the then acting managing partner shall be limited only by then applicable federal income tax laws relating to the amount of minimum interest to be charged with respect to any unpaid portions of the redemption price.

. The amended final judgment reflects the court’s rationale for the awards:
[Bugg] was forced to bring this action in order to obtain an accounting to which he was entitled to [sic] at the time of his expulsion both under the terms of the partnership agreement [paragraphs 12(c), 13(c)(ii) and 13(c)(iii)] and under Florida law [Florida Statute 620.-655(2)]. However, his written request for an accounting had been denied by the Defendants when previously sought following his expulsion. Therefore, even though ... [Bugg] is not entitled to damages as to Count One, he was successful and prevailed in his action for an accounting under Count One.

. An accounting under the Uniform Partnership Act is a "statement of receipts and disbursements which [shows] ... all of the detailed financial transactions of the business including a listing of the original contributions and current assets and liabilities of the partnership." Laurence v. Flashner Medical Partnership, 206 Ill.App.3d 777, 151 IIl.Dec. 875, 881, 565 N.E.2d 146, 152 (1990). See also Black's Law Dictionary 19 (6th ed. 1990) (defining a partnership accounting as an "equitable proceeding for a complete settlement of all *147 partnership affairs"). In contrast, an appraisal is "a valuation or estimation of value of property by an impartial, disinterested person of suitable qualifications.” Black's Law Dictionary 100 (6th ed. 1990).

. The court erred, however, in finding that Bugg was entitled to the appraisal costs (and attorney’s fees) under section 620.665(2) of the Florida Statutes. This section grants a partner the right to an accounting if such exists under the terms of an agreement. Here, the agreement entered into between the parties did not provide for the right to a formal accounting. It merely obligated the managing general partners to obtain an independent appraisal of partnership assets.